The following was the Court’s Opinion, delivered by Judge Roab«e.
The plea of non est factum offered to the County Court, being one which goes to the merits, ought, in the opinion of this Court, to have been received. It ought to have been received for the farther reason, that it was not offered for the purpose of delay. It is not only verified by the oath of the appellant, but was offered at a time when a continuance was already certain, in consequence of the absence of the appellee’s Counsel. Nor is the objection to the affidavit, arising from the insertion of the words, “ to the best of his knowledge and beliefj” sufficient to exclude the plea. It is true the affidavit must be positive, as to the facts contained in the plea, or on which it is founded; but these words do not render it otherwise, when taken in relation to facts resting on the knowledge of the party. They may possibly have been inserted in this case, in referencee to the conclusion of law involved in the averment that the bill in question “ is not his *464 Deed;" ai~d, if SO, are not improperly inserted. No man can be required to swear positively, @~ at all,) to les-al inferences.
We are of opinion, that our Act requiring the oath in question, while it need not work a change in the. forms of pleading, may be. satisfied by an affidavit stating and verifying the facts only, which are relied on. We must make this construction in subordination to the principle aforesaid. But, in the case before us, mtiie per inutile non iiitiatur. Tho' the party may have gone farther than was necessary, in swearing to the conclusnm of the law also, the facts are sufficiently verified. rI~he same oath which applies to those conclusions, applies also to the facts on which they are predicated.
We are therefore of opinion that both jutigments should be reversed, and the plea in question admitted.